UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ESTELLA RIVAS,<br>    Plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | Civil No. CC-08-278 |
| MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br>    Defendant | §<br>§<br>§<br>§<br>§ | |

### MEMORANDUM OPINION AND ORDER AFFIRMING THE COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION'S DETERMINATION THAT PLAINTIFF IS NOT DISABLED

This is a social security appeal brought pursuant to 42 U.S.C. §405(g). Plaintiff Estella Rivas contends she is entitled to receive supplemental security income benefits because, as of June 10, 2005, she has been disabled by uncontrolled diabetes, hypertension, arthritis, and depression. On November 30, 2007, an Administrative Law Judge ("ALJ") issued a decision in which he found that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of the Social Security Administration ("Commissioner"). Plaintiff now seeks judicial review of that decision in this Court, pursuant to 42 U.S.C. §405(g). The United States Magistrate Judge recommends this Court affirm the Commissioner's decision (D.E. 18). Plaintiff objects (D.E. 19). For the reasons discussed below, the Court affirms the Commissioner's determination that Plaintiff is not disabled.

Judicial review of the Commissioner's decision regarding a claimant's entitlement to disability benefits is limited to two questions: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner used the proper legal standards to evaluate the evidence. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). In this case, Plaintiff raises three objections in which she contends the ALJ did not use the proper legal standards to evaluate evidence related to her depression.

In her first objection, Plaintiff claims the ALJ erred by not considering certain assessments made by her treating psychiatrist, Dr. U.R. Maruvada. Plaintiff cites to 20 C.F.R. §416.927(f)(2)(ii), which provides in part as follows:

> Unless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician or psychologist, as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for us. 20 C.F.R. §416.927(f)(2)(ii).

Plaintiff does not explain how this regulation applies to her objection. In her objections, Plaintiff <u>does not</u> argue that the ALJ did not give Dr. Maruvada's opinion controlling weight, nor does she contend that the ALJ failed to explain the weight given to other medical opinions. *See* D.E. 19. What Plaintiff <u>does</u> object to is the ALJ's alleged failure to consider specific assessments made by Dr. Maruvada, specifically, the "SAMC" and "GAF" assessments. While 20 C.F.R. §404.1520(a)(3) provides that the Commissioner will consider "all evidence in your case record" when determining whether a claimant is disabled, none of the regulations cited by Plaintiff mandate that an ALJ must cite to, address,

or analyze specific psychological assessments in its written decision. Furthermore, the record demonstrates the ALJ considered Dr. Maruvada's medical opinion in its entirety. Specifically, at step two of the evaluation process,[1] the ALJ describes in detail the treating history and diagnoses made by Dr. Maruvada.[2] For the foregoing reasons, the Court finds Plaintiff's objection has no merit.

In her second objection, Plaintiff contends the ALJ "minimized" her subjective descriptions of her impairments. An ALJ's findings regarding the debilitating effect of subjective evidence of pain and disability are entitled to considerable deference. *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991) (citing *James v. Bowen*, 893 F.2d 702, 706 (5th Cir. 1986)). However, an ALJ must indicate the credibility choices made and the bases for those choices in resolving the truthfulness of a claimant's subjective symptoms and complaints. *Shcarlow v. Schweiker*, 655 F.2d 645, 649 (5th Cir. 1981).

The Court finds the ALJ properly considered Plaintiff's subjective descriptions of her impairments and sufficiently explained his reasons for discrediting same. In his written

---

[1] In evaluating a disability claim, the Commissioner follows a five-step sequential process to determine whether (1) the claimant is presently working; (2) the claimant's ability to work is significantly limited by physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant cannot presently perform relevant work. *Martinez v. Chater*, 64 F.3d 172, 173-174 (5th Cir. 1995).

[2] The record shows that Plaintiff was seen by Dr. Maruvada on seven occasions. On each occasion Dr. Maruvada found Plaintiff's mental status was within normal limits. On April 18, 2005, Dr. Maruvada diagnosed Plaintiff with "late onset dysthymia," and on January 11, 2006, he diagnosed her with "major depressive disorder, recurrent, severe without psychotic features." Dr. Maruvada prescribed Plaintiff Zoloft. The record shows that after Plaintiff began treatment and medication she reported feeling better and denied specific symptoms of depression, anxiety, mood swings, or psychosis.

decision, the ALJ expressly states that he assessed the claimant's statements concerning her condition. The Court has no reason to question the ALJ's general statement. The ALJ also explains that he discredited Plaintiff's testimony because there was no documentation, medical evidence, or other evidence to substantiate her statements concerning the intensity, persistence and limiting effects of her symptoms. The ALJ also relied on "the state agency medical consultants' determination that the claimant's condition is not severe enough to keep her from working." The Court finds the bases given for discrediting Plaintiff's testimony are sufficient to satisfy *Shcarlow v. Schweiker*, 655 F.2d 645, 649 (5th Cir. 1981).

In her third objection, Plaintiff contends the ALJ improperly relied on a medical expert to determine her residual functional capacity ("RFC"). Plaintiff cites to 20 C.F.R. §404.1527(e), which provides that the Commissioner is ultimately responsible for determining certain issues, such as residual functional capacity or whether a claimant is unable to work. 20 C.F.R. §404.1527(e). Opinions on these issues are "...not medical opinions, but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability. " *Id.* While the Court recognizes the Commissioner ultimately determines a claimant's RFC, the regulations also provide that the Commissioner will "use medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s)" in making those determinations. *Id.* at 404.1527(e)(2).

Here, at step four of the evaluation process, the ALJ expressly states that "[A]fter careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work" with certain limitations. The ALJ explains that he considered the claimant's symptoms, medical opinion evidence, and the live testimony of Plaintiff and two medical experts, Dr. John Cegelski and Dr. Susan Pelezer, both of whom opined that Plaintiff's condition was not severe enough to keep her form working. Although the ALJ ultimately concurred with the medical experts' findings regarding Plaintiff's RFC, the ALJ's written decision clearly demonstrates that he did not rely solely thereon in making his determination. As such, the Court finds Plaintiff's objection has no merit.

For the foregoing reasons, it is the opinion of this Court that the ALJ used the proper legal standards to evaluate the evidence in this case. The Commissioner's determination that Plaintiff is not disabled is AFFIRMED. Plaintiff's compliant is DISMISSED (D.E. 1).

ORDERED this __7__ day of _____, 2009.

HAYDEN HEAD
CHIEF JUDGE